**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0754-24

U.S. BANK TRUST NATIONAL
ASSOCIATION, not in its individual
capacity but solely as owner trustee
for RCAF Acquisition Trust,

    Plaintiff-Respondent,

v.

HARINDER SINGH,

    Defendant-Appellant,

and

RAVINDER KAUR, BELINDA M.
COMBS, STATE OF NEW JERSEY,
TOWNE LAKE HOMEOWNERS
ASSOCIATION, a/k/a TOWNE
LAKE EAST HOMEOWNERS
ASSOCIATION, INC.,

    Defendants.

_____

Argued March 3, 2026 – Decided March 16, 2026

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-003759-23.

Harinder Singh, appellant, argued the cause on appellant's behalf.

Respondent has not filed a brief.

PER CURIAM

Defendant Harinder Singh appeals from the Chancery Division's October 28, 2024 final judgment for foreclosure. The final judgment for foreclosure was subsequently vacated and the underlying foreclosure action was dismissed in an order dated February 20, 2025. Plaintiff, U.S. Bank Trust National Association, filed a letter of non-participation with this court "[b]ecause the underlying foreclosure no longer exists." Defendant confirmed at oral argument the final judgment was vacated, and the foreclosure action is no longer pending; thus, he agreed dismissal of his appeal is warranted as the matter is now moot.

"A case is moot if the disputed issue has been resolved, at least with respect to the parties who instituted the litigation." Caput Mortuum L.L.C. v. S & S Crown Servs., Ltd., 366 N.J. Super. 323, 330 (App. Div. 2004). Dismissal is appropriate when "a judgment cannot grant effective relief, or there is no concrete adversity of interest between the parties." Ibid. "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical

2

effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). We are satisfied, as are the parties, this matter is moot because a controversy no longer exists and the issue presented has been resolved. See Caput Mortuum, 366 N.J. Super. at 330.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0754-24